UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIAM JENNINGS,

Plaintiff,

v.

JUSTINE RUTTON, SCOTT BRANSON, HATCH, T. WHIPPS, J. ROWE, M. KICKBUSH, T. HANSON, GROSS, M. CRIM, STIFF, D. PIERCE, and JOHN DOES,

Defendants.

Civil No. 00-2482 (DWF/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility, Oak Park Heights, Minnesota, ("MCF-OPH"), has filed a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff did not pay the full $150 filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading, pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it will be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A.

## I. BACKGROUND

Plaintiff alleges that on January 21, 2000, he "started hearing verbal abuse and threats over the intercom system and surveillance system" at MCF-OPH. The voices Plaintiff allegedly heard said things such as "Jennings is a bitch, nigger, you bitch, we

NOV 2 2 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

gone [sic] kick your ass, nigger bitch, bald-headed bitch, big bitch, RICO's bitch, we gone [sic] have Mexicans and Natives beat you up." (Complaint, [Docket No. 1], § IV.) Plaintiff claims that he has been hearing voices making such statements 24 hours per day, "non-stop," since January 21, 2000. (Id.)

The Defendants named in Plaintiff's complaint are prison officials at MCF-OPH. Although Plaintiff apparently believes that one or more of the Defendants is somehow responsible for the voices he has been hearing, he has not indicated what, specifically, any of the individual Defendants allegedly has done. Plaintiff's complaint refers to 42 U.S.C. § 1983 and the First and Eighth Amendments, which suggests that Plaintiff is claiming that Defendants have somehow violated his federal constitutional rights. He is asking for a court order that would cause him to be transferred to another prison and restore certain good time credits that he allegedly has lost. He is also requesting a monetary damage award.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be

dismissed. 28 U.S.C. § 1915A(b)(1). The Court finds that the present action must be summarily dismissed, in its entirety, pursuant to § 1915A(b), because it is frivolous, and because Plaintiff has not stated a cause of action on which relief can be granted.

A. Plaintiff's Pleading Is Frivolous

A pleading is legally frivolous, and therefore subject to summary dismissal under § 1915A(b)(1), when it presents claims based on "factual contentions [that] are clearly baseless," or when it presents "claims describing fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327, 328 (1989). See also Denton v. Hernandez, 504 U.S. 25, 31-32 (1992). Plaintiff's complaint fits that description. While an allegation of occasional (or even frequent) verbal harassment might be credible, Plaintiff's assertion that he has been hearing voices over the prison intercom system "24 hours per day" for the past eleven months clearly is delusional. Thus, the Court finds Plaintiff's complaint to be frivolous.

B. Plaintiff's Pleading Fails To State A Claim On Which Relief Can Be Granted

Even if Plaintiff's claims were not considered to be frivolous, summary dismissal would still be required, because the complaint fails to state a claim on which relief can be granted. To state a claim under 42 U.S.C. § 1983, (as Plaintiff apparently is attempting to do here), a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s), while acting under color of state law, violated the complainant's federal constitutional rights. West v. Atkins, 487 U.S. 42, 48 (1988). In this case, Plaintiff's pleading fails to state an actionable § 1983 claim, because it does not allege any facts linking any specific wrongful conduct to any specifically identified Defendant(s).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or did not do, that allegedly violated the plaintiff's federal constitutional rights.

Plaintiff's present complaint is fatally deficient because it does not allege any facts ascribing any specific wrongful conduct to any of the individual named Defendants. There are no allegations describing what, specifically, any of the individual named Defendants is accused of having done. Plaintiff cannot contend that he was unaware of the need to include factual allegations describing the specific wrongful acts or omissions of each named Defendant, because the form he used to prepare his pleading specifically advised him to set forth a summary of the "facts" on which his claims are based, and directed him to "[d]escribe how each individual defendant is personally involved." (Complaint, § IV; emphasis in the original form.) Despite this instruction, Plaintiff's "statement of claim" does not include any allegations attributing any specific act or omission to any particular Defendant. His pleading therefore fails to state an actionable claim

Furthermore, even if Plaintiff's pleading did adequately explain how each of the individual Defendants allegedly harassed him, he still would not have a viable civil rights claim. If any of the Defendants has, in fact, subjected Plaintiff to verbal abuse or harassment, then Plaintiff certainly would have good cause to be upset. Such conduct by any prison official would be extremely inappropriate and unprofessional. However, abusive language and/or verbal harassment, is not, by itself, unconstitutional, and will not support a § 1983 cause of action. Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000); Martin v. Sargent, 780 F.2d at 1338. For this additional reason, Plaintiff has failed to state a legally actionable claim for relief.

Finally, this action is barred by 42 U.S.C. § 1997e(e), which provides that:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury."

This statute is applicable here, because Plaintiff is a prisoner who has filed a federal civil action seeking to recover damages only for alleged mental or emotional injury. There is no suggestion -- express or implicit -- that his alleged mental and emotional injuries are accompanied by any physical injury of any kind. His claims are therefore barred by § 1997e(e). See Zehner v. Trigg, 133 F.3d 459, 461-64 (7th Cir. 1997); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint is frivolous, and that it fails to state a claim on which relief can be granted. The action must therefore be dismissed, and the application for leave to proceed IFP must be denied. See

28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[1] He has not paid any part of that fee to date, so he still owes the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Court lastly notes that the dismissal of this action will count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150 fee, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: November 22, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 12-8-00, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.